UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN       Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                    Plaintiffs,

          -against-                              **DECLARATION OF PLAINTIFF**
                                                 **IRINA ABRAMOV IN SUPPORT**
NORTHWELL HEALTH SYSTEMS,                         **OF PLAINTIFFS' COMPLAINT**

                    Defendant.
--------------------------------------------------------------X

**I, IRINA ABRAMOV, declare as follows:**

1.      I am an adult resident of Queens County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Long Island Jewish Medical Center, Forest Hills Extension Clinic as a Medical Office Representative.

**EXHIBIT**

**1**

4.    Within the scope of my employment, NHS discriminated against me on the basis of my religion. Specifically, I submitted to NHS a request for a religious accommodation based upon my sincerely held religious beliefs prohibiting me from receiving any COVID-19 vaccine that has ever been made available.

5.    Each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue, and because I sincerely hold the religious belief that life begins at conception, I sincerely belief that the interference with the creation of life through procedures like abortion constitutes a sin.

6.    My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with NHS' mandatory COVID-19 vaccination policy.

7.    Fortunately, the First Amendment to the United States Constitution, as well as both federal and state law, guarantee me the fundamental right to freely exercise my religion.

8.    Unfortunately, NHS terminated my employment after I submitted my religious accommodation request.

9.    NHS' discrimination, retaliation, and its decision to termination of my employment because of my religion and sincerely held religious beliefs, collectively, is the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.    More specifically, I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs. NHS received my request and thereafter terminated my employment.

11.    At all times relevant, NHS knew or should have known of my sincerely held religious beliefs and nevertheless, terminated my employment.

12.    More egregious, and in violation of my procedural due process rights, NHS terminated me *before* ever responding to my accommodation request. This is not only evidence of NHS' discriminatory animus against me, in that NHS learned of my beliefs and promptly fired me, but also, its procedural due process violation is evidenced by the "accommodational denial letter"[1] sent by with its mandatory COVID-19 vaccination policy.

13.    By reading my request for a reasonable accommodation, or if NHS had acted in accord with its obligation to read my accommodation request, NHS did become or would have become fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

14.    There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its

---

[1] The term "accommodation denial letter" is illusory as it was not in fact, a denial insofar as, at the time I received it, I was no longer an employee of Northwell Health Systems as it had unlawfully terminated my employment before I ever received an accommodational "denial" of any kind.

employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

15.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

16.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[2] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

17.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

18.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

19.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

---

[2] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 5, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 10, 2022

Respectfully submitted,

/s/ IRINA ABRAMOV_____
Irina Abramov

(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN         Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                    Plaintiffs,

        -against-                                **DECLARATION OF PLAINTIFF
                                                 MAUREEN ALCHERMES IN
NORTHWELL HEALTH SYSTEMS,                         SUPPORT OF PLAINTIFFS'
                                                 COMPLAINT**
                    Defendant.

-------------------------------------------------------------X

**I, MAUREEN ALCHERMES, declare as follows:**

1.      I am an adult resident of Suffolk County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS").  Specifically, I worked at NHS' South Shore University Hospital as a Registered Nurse.

**EXHIBIT**

**2**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.    There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.    For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.    To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ MAUREEN ALCHERMES
Maureen Alchermes

(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                    Plaintiffs,

         -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **DAWN ALOIS IN SUPPORT OF**
                    Defendant.            **PLAINTIFFS' COMPLAINT**
--------------------------------------------------------------X

**I, DAWN ALOIS, declare as follows:**

1.      I am an adult resident of Nassau County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Feinstein Institute for Medical Research as a Senior Administrative Support Professional.

**EXHIBIT**

**3**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with

---

[1] "Timely" shall mean that my Charge was filed with the NYSDHR within 300 days of October 1, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

the New York State Division of Human Rights ("NYDHR")[2] pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


        I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                        Respectfully submitted,

                                        /s/ DAWN ALOIS
                                        Dawn Alois
                                        (Original signature retained by counsel)

---

[2] The NYSDHR has a work-sharing agreement with the EEOC, which provides that a claim/charge filed with either entity is deemed to have been filed with both agencies (referred to as "dual filing") and dually filed charges satisfy the exhaustion requirement in accord with *Fort Bend*.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                   Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,          **DECLARATION OF PLAINTIFF**
                              **JOY ALTRUI IN SUPPORT OF**
           Defendant.          **PLAINTIFFS' COMPLAINT**

-------------------------------------------------------------X

**I, JOY ALTRUI, declare as follows:**

    1.     I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' North Shore University Hospital as a Registered Nurse.



EXHIBIT
4

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the Equal Opportunity Employment Commission ("EEOC") pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 1, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

complaint My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

15.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

16.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


     I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                               Respectfully submitted,

                                               /s/ JOY ALTRUI_____
                                               Joy Altrui
                                             (Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

              Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,

             Defendant.

---------------------------------------------------------------X

                    **DECLARATION OF PLAINTIFF**
                 **ANGELA BASTONE-PERGOLA IN**
                  **SUPPORT OF PLAINTIFFS'**
                       **COMPLAINT**

**I, ANGELA BASTONE-PERGOLA, declare as follows:**

1.     I am an adult resident of Suffolk County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Long Island Jewish Medical Center as a Registered Nurse.

**EXHIBIT 5**

tabbies

4.    Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.    Specifically, I sincerely believe that my life and fate lay in God's hands. God has a predetermined plan for each of us and God presides over my fate. I sincerely believe that I am protected by God. When faced with the decision of receiving the Covid vaccine, I refused after seeking guidance from God. I accept God's sovereignty and guidance. The conscience is a gift from God. I could not waive my belief. My conscience, my faith and my heart would not allow me to.

6.    I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was not in my best interest and against the Word of God, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

7.    Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

8.    Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

9.    I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

10.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

11.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

12.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

13.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from

discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the New York State Division of Human Rights ("NYDHR")[2] pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

14.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

15.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

16.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                    Respectfully submitted,

                                    /s/ ANGELA BASTONE-PERGOLA
                                    Angela Bastone-Pergola
                                    (Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the NYSDHR within 300 days of September 29, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

[2] The NYSDHR has a work-sharing agreement with the EEOC, which provides that a claim/charge filed with either entity is deemed to have been filed with both agencies (referred to as "dual filing") and dually filed charges satisfy the exhaustion requirement in accord with *Fort Bend*.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

               Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                        **EVGENIYA BATALLA IN**
               Defendant.         **SUPPORT OF PLAINTIFFS'**
------------------------------------------------------------------X    **COMPLAINT**

**I, EVGENIYA BATALLA, declare as follows:**

    1.    I am an adult resident of St. John's County, Florida and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.    I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.    I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' South Shore University Hospital as an Admitting Clerk.



EXHIBIT
6

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                        Respectfully submitted,

                                        /s/ EVGENITA BATALLA
                                        Evgeniya Batalla

                                        (Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE               Docket No.: _____
KOUGENTAKIS, NILBERK KURT, KAREN
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

               Plaintiffs,

    -against-                                **DECLARATION OF PLAINTIFF**
                                           **DIANE BONO IN SUPPORT OF**
NORTHWELL HEALTH SYSTEMS,                  **PLAINTIFFS' COMPLAINT**

              Defendant.

-------------------------------------------------------------X

**I, DIANE BONO, declare as follows:**

    1.      I am an adult resident of Nassau County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.      I am a former employee of Northwell Health Systems ("NHS").  Specifically, I worked at NHS' Syosset Hospital as a Registered Nurse.

EXHIBIT

7

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

15.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

16.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                Respectfully submitted,

                                /s/ DIANE BONO
                                Diane Bono
                                (Original signature retained by counsel)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                     Plaintiffs,

   -against-                                    **DECLARATION OF PLAINTIFF**
                                               **KATHERINE CARNEY IN**
NORTHWELL HEALTH SYSTEMS,                       **SUPPORT OF PLAINTIFFS'**
                                               **COMPLAINT**
                 Defendant.
----------------------------------------------------------------X

**I, KATHERINE CARNEY, declare as follows:**

     1.     I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

     2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

     3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' South Shore University Hospital as a Registered Nurse.



EXHIBIT
8

4.     Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.     This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.     I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.     My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.     Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.     Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 28, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ KATHERINE CARNEY
Katherine Carney
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                 Plaintiffs,

   -against-

NORTHWELL HEALTH SYSTEMS,

                Defendant.
-------------------------------------------------------------X

                          **DECLARATION OF PLAINTIFF
KAREN FERRANDO IN SUPPORT
OF PLAINTIFFS' COMPLAINT**

**I, KAREN FERRANDO, declare as follows:**

      1.      I am an adult resident of Richmond County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

      2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

      3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Staten Island University Hospital as a Registered Nurse.



EXHIBIT
9

4.     Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.     This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.     I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.     My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.     Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.     Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 24, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2022

Respectfully submitted,

/s/ KAREN FERRANDO
Karen Ferrando
(Original signature retained by counsel)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                    Plaintiffs,

        -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **CARMELA FIORICA IN SUPPORT**
                    Defendant.            **OF PLAINTIFFS' COMPLAINT**
----------------------------------------------------------------X

**I, CARMELA FIORICA, declare as follows:**

1.      I am an adult resident of Richmond County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Staten Island University Hospital as an Ambulatory Care Clerk.

EXHIBIT
10
tabbies

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ CARMELA FIORICA
Carmela Fiorica
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                     Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF
                                          EILEEN HAGAN IN SUPPORT OF
                  Defendant.        PLAINTIFFS' COMPLAINT**

---------------------------------------------------------------X

**I, EILEEN HAGAN, declare as follows:**

    1.      I am an adult resident of Nassau County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.      I am a former employee of Northwell Health Systems ("NHS").  Specifically, I worked at NHS' Syosset Hospital as a Registered Nurse.

**EXHIBIT
11**

4.     Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.     This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.     I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.     My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.     Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.     Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of November 4, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2022

Respectfully submitted,

/s/ EILEEN HAGAN
Eileen Hagan
(Original signature retained by counsel)

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

               Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,

            Defendant.

-------------------------------------------------------------X

                                    **DECLARATION OF PLAINTIFF SARAH HASENEY IN SUPPORT OF PLAINTIFFS' COMPLAINT**

**I, SARAH HASENEY, declare as follows:**

    1.     I am an adult resident of Suffolk County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' North Shore University Hospital as a Nurse Practitioner.

**EXHIBIT**

**12**

tables

4. Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5. This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6. I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7. My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8. Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9. Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10. I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11. By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

3

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ SARAH HASENEY
Sarah Haseney
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

    Plaintiffs,

  -against-

NORTHWELL HEALTH SYSTEMS,              **DECLARATION OF PLAINTIFF**
                                       **MARYANN HOJNOWSKI IN**
    Defendant.     **SUPPORT OF PLAINTIFFS'**
                                       **COMPLAINT**
------------------------------------------------------------------X

**I, MARYANN HOJNOWSKI, declare as follows:**

  1.  I am an adult resident of Nassau County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

  2.  I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

  3.  I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' as a Sign Language Interpreter where I served NHS facilities, including Long Island Jewish Medical Center, Cohen's Children's Hospital, Zucker Hillside Hospital, and North Shore Community Hospital.

**EXHIBIT**

**13**

4.     Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.     This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.     I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.     My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.     Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.     Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 28, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ MARYANN HOJNOWSKI
Maryann Hojnowski
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                 Plaintiffs,

   -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                         **KATHERINE KOUGENTAKIS IN**
             Defendant.   **SUPPORT OF PLAINTIFFS'**
                                         **COMPLAINT**
------------------------------------------------------------------X

**I, KATHERINE KOUGENTAKIS, declare as follows:**

    1.    I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.    I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.    I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Glen Cove Hospital as a Senior Speech Language Pathologist.

**EXHIBIT 14**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 29, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ KATHERINE KOUGENTAKIS
Katherine Kougentakis
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

    Plaintiffs,

 -against-

NORTHWELL HEALTH SYSTEMS,

    Defendant.

--------------------------------------------------------------X

       **DECLARATION OF PLAINTIFF
       NILBERK KURT IN SUPPORT OF
       PLAINTIFFS' COMPLAINT**

**I, NILBERK KURT, declare as follows:**

  1.  I am an adult resident of Richmond County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

  2.  I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

  3.  I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Staten Island University Hospital as a Clerk/Registrar.

**EXHIBIT
15**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.    There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.    For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.    To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 6, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ NILBERK KURT
Nilberk Kurt
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN       Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                   Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,              **DECLARATION OF PLAINTIFF
                                       KAREN LA ROSA IN SUPPORT OF
               Defendant.      PLAINTIFFS' COMPLAINT**

----------------------------------------------------------------X

**I, KAREN LA ROSA, declare as follows:**

1.      I am an adult resident of Suffolk County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Huntington Hospital as a Registered Nurse.

EXHIBIT
16

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      I also sincerely hold religious beliefs that as God's children, we must have freedom of conscience and we must exercise sound judgment in the decisions we make—including the decisions as to what goes into the body in which God created me and all others, and the freedom to know all possible outcomes of the choices we make prior to entering into any decisions to alter our bodies out of pressure, coercion, or without knowledge as to the impact of our decisions.

8.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

9.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

10.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

11.    I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

12.    By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

13.    There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

14.    For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

15.    To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right

to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

16.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

17.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

18.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ KAREN LA ROSA
Karen La Rosa
(Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 1, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                Plaintiffs,

  -against-

NORTHWELL HEALTH SYSTEMS,          **DECLARATION OF PLAINTIFF**
                            **DEBRA LANAHAN IN SUPPORT**
                Defendant.          **OF PLAINTIFFS' COMPLAINT**

---------------------------------------------------------------X

**I, DEBRA LANAHAN, declare as follows:**

    1.      I am an adult resident of Richmond County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.      I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Staten Island University Hospital as a Clerical Associate/Medical Records Clerk.

**EXHIBIT**

**17**

tabbies

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      Specifically, I sincerely hold religious beliefs that my blood is sacred and life is found in the blood. My own salvation was bought and paid for by the blood of Jesus Christ and I cannot taint my own blood with this vaccine. The Bible warns against this type of pharmakeia and I will not and cannot violate my sincerely held Christian beliefs. I also sincerely believe that my body is the temple of the Holy Spirit and is to remain pure. The Bible says, "Do you not know that you yourselves are God's temple and that God's Spirit dwells within you? If anyone destroys God's temple, God will destroy him, For God's temple is sacred and you are the temple" (1 Corinthians 3:16-17). "I am convinced, being fully persuaded in the Lord Jesus, that nothing is unclean in itself, but if anyone regards something as unclean, then for that person it is unclean" (Romans 14:14). (Ecclesiastes 3:2).

6.      If I were to knowingly inject the COVID-19 vaccine into my body, I sincerely believe that the act of doing so would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

7.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

8.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

9.    I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

10.    By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

11.    There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

12.    For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

13.    To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right

to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

14.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

15.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

16.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

17.    timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

                                        Respectfully submitted,

                                        /s/ DEBRA LANAHAN
                                        Debra Lanahan
                                        (Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **NADIRA MAHABIR IN SUPPORT**
            Defendant.         **OF PLAINTIFFS' COMPLAINT**
---------------------------------------------------------------X

**I, NADIRA MAHABIR, declare as follows:**

    1.     I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

    2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

    3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Zucker Hillside Hospital, Project Outreach – Outpatient as a Social Worker.

    4.     Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that

EXHIBIT
18
tabbies

prohibit me from receiving any COVID-19 vaccine that has ever been made available. As Christians our perspective recognizes to affirm our right to a religious exemption from vaccination expected and regarding our faith and good conscience.

5.      As a Christian Pastor I object to vaccines because of the following Divine Law to not violate my body and believe in and follow God and the principles laid out in His Word. Specifically, the teachings in the Holy Scriptures.

6.      According to my Church's Tenets of Faith Articles 1 & 15 in which I firmly align, Bible is the inspired, infallible Word of God. (2Tim 3:16; Romans10, & 2 Peter 1:21) And Jesus was and remains, the Word incarnate. I also abide by 1 Corinthians 3:16-17, 6:19 (NKJV): Do you not know that you are the temple of God and that the Spirit of God dwells in you? If anyone defiles the temple of God, God will destroy him. For the temple of God is holy, which temple you are. Or do you not know that your body is the temple of the Holy Spirit who is in you, whom you have from God, and you are not your own? Indeed, I cannot defile the body God gave me; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

7.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

8.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

9.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

10.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

11.      There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

12.      For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

13.      To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right

3

to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

14.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

15.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

16.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2022

Respectfully submitted,

/s/ NADIRA MAHABIR
Nadira Mahabir
(Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 28, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN            Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA NEWTON, and
MICHELE WOODWARD-LAWTON,

           Plaintiffs,

  -against-

NORTHWELL HEALTH SYSTEMS,

          Defendant.
-------------------------------------------------------------X

**DECLARATION OF PLAINTIFF
VERONICA NEWTON IN SUPPORT
OF PLAINTIFFS' COMPLAINT**

**I, VERONICA NEWTON, declare as follows:**

1.     I am an adult resident of Suffolk County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS as a Flex Staff  Registered Nurse.

**EXHIBIT
19**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 1, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 10, 2022

Respectfully submitted,

/s/ VERONICA NEWTON
Veronica NEWTON
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

Docket No.: _____

             Plaintiffs,

     -against-

NORTHWELL HEALTH SYSTEMS,

             Defendant.

**DECLARATION OF PLAINTIFF
KATLYN PASTOR IN SUPPORT OF
PLAINTIFFS' COMPLAINT**

------------------------------------------------------------------X

**I, KATLYN PASTOR, declare as follows:**

1. I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2. I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3. I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Huntington Hospital as a Radiologic & Cardiovascular Technologist.

EXHIBIT
20
tabbies

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from complying with its mandatory COVID-19 vaccination policy.

5.      Specifically, I was raised a member of the Catholic community. Baptism is the first of the initiation Sacraments and my parents chose to baptize me and raise me in our church community of faith and love. I attended a Religious Education Program where I received the Sacrament of Reconciliation to prepare for my First Holy Communion learning the truths about the Eucharist and preparing myself religiously. In Holy Communion, we receive Jesus Christ, He who gives Himself to us, His body, His blood, His soul, and His divinity. I believe this did unite me to Jesus. I became an Altar Server and served my Holy community during Mass as well. I continued my Religious Education Program and completed the Sacraments when I was Confirmed. My family was traditional but not totally strict. My parents later encouraged me to have my own personal relationship with God and taught me that I didn't have to just worship at our Church. This is where I adopted many of the general principles of Christianity and found my faith is more than ceremony and ritual. I was raised to embrace other ideas of God and accept them. My sacred journey and faith has become the foundation of who I am and what I do. Being a true follower of Christ requires action by the believer. Going forward, I cannot be afraid to put Him first as I try to mold my life according to His commands. If I were to sin by knowingly disregarding my faith and beliefs, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

6.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

7.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

8.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

9.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

10.      There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

11.      For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable

accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

12.    To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

13.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

14.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

15.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2022

Respectfully submitted,

/s/ KATLYN PASTOR
Katlyn Pastor
(Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 4, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,          **DECLARATION OF PLAINTIFF REBECCA RAMIREZ IN SUPPORT OF PLAINTIFFS' COMPLAINT**

           Defendant.
-------------------------------------------------------------X

**I, REBECCA RAMIREZ, declare as follows:**

1.     I am an adult resident of Suffolk County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' South Shore University Hospital as a Medical Records Analyst.

**EXHIBIT 21**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 28, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 8, 2022

Respectfully submitted,

/s/ REBECCA RAMIREZ
Rebecca Ramirez
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                Plaintiffs,

    -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **JULIA SHAW IN SUPPORT OF**
            Defendant.          **PLAINTIFFS' COMPLAINT**

---------------------------------------------------------------X

**I, JULIA SHAW, declare as follows:**

1.     I am an adult resident of Nassau County, New York and competent to render this declaration. I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I worked at NHS' Syosset Hospital as a Registered Nurse.

EXHIBIT

22

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 30, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 10, 2022

Respectfully submitted,

/s/ JULIA SHAW
Julia Shaw
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                Plaintiffs,

        -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **ROSE TAYLOR IN SUPPORT OF**
                Defendant.                **PLAINTIFFS' COMPLAINT**

-------------------------------------------------------------X

**I, ROSE TAYLOR, declare as follows:**

1.      I am an adult resident of Suffolk County, New York and competent to render this

declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support

thereof.

2.      I am providing this affidavit based on my own personal knowledge and if called as

a witness, I could and would testify competently as to all statements included in this Declaration.

3.      I am a former employee of Northwell Health Systems ("NHS"). Specifically, I

worked at NHS' South Shore University Hospital as a Surgical Technologist.

**EXHIBIT
23**

4.    Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.    NHS also discriminated against me on the basis of my disability. My treating physician determined that, to a reasonable degree of medical certainty, my pre-existing condition placed me in a position where the risk caused if I were to receive the COVID-19 vaccine outweighed any potential benefit of the vaccine.

6.    At all times relevant, NHS was fully aware of my medical condition and knew I could not receive the COVID-19 vaccine without it impacting my health.

7.    This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

8.    I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

9.    My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

10.    Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

11.    Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my

religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

12.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

13.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

14.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

15.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

3

16.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

17.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

18.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

19.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


        I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 10, 2022

                                Respectfully submitted,

                                /s/ ROSE TAYLOR
                                Rose Taylor
                                (Original signature retained by counsel)

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 12, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

                 Plaintiffs,

   -against-

NORTHWELL HEALTH SYSTEMS,                 **DECLARATION OF PLAINTIFF**
                                          **MIA TORRES IN SUPPORT OF**
              Defendant.          **PLAINTIFFS' COMPLAINT**
------------------------------------------------------------------X

**I, MIA TORRES, declare as follows:**

     1.     I am an adult resident of Suffolk County, New York and competent to render this declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support thereof.

     2.     I am providing this affidavit based on my own personal knowledge and if called as a witness, I could and would testify competently as to all statements included in this Declaration.

     3.     I am a former employee of Northwell Health Systems ("NHS").  Specifically, I worked at NHS' Mather Hospital as a CT Supervisor.

EXHIBIT
24

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.      I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.      By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of September 24, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.     My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.     I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.     My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.


I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.


Dated: December 10, 2022

Respectfully submitted,

/s/ MIA TORRES
Mia Torres
(Original signature retained by counsel)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

IRINA ABRAMOV, MAUREN ALCHERMES,
DAWN ALOIS, JOY ALTRUI, ANGELA
BASTONE-PERGOLA, EVGENIYA BATALLA,
DIANE BONO, KATHERINE CARNEY,
KAREN FERRANDO, CARMELA FIORICA,
EILEEN HAGAN, SARAH HASENEY,
MARYANN HOJNOWSKI, KATHERINE
KOUGENTAKIS, NILBERK KURT, KAREN          Docket No.: _____
LA ROSA, DEBRA LANAHAN, NADIRA
MAHABIR, KATLYN PASTOR, REBECCA
RAMIREZ, JULIA SHAW, ROSE TAYLOR,
MIA TORRES, VERONICA WEBB, and
MICHELE WOODWARD-LAWTON,

              Plaintiffs,

  -against-

NORTHWELL HEALTH SYSTEMS,

             Defendant.
---------------------------------------------------------------X

**DECLARATION OF PLAINTIFF
MICHELE WOODWARD LAWTON
IN SUPPORT OF PLAINTIFFS'
COMPLAINT**

**I, MICHELE WOODWARD LAWTON, declare as follows:**

      1.     I am an adult resident of Essex County, New Jersey and competent to render this

declaration.  I am a Plaintiff in the above-captioned action and submit this declaration in support

thereof.

      2.     I am providing this affidavit based on my own personal knowledge and if called as

a witness, I could and would testify competently as to all statements included in this Declaration.

      3.     I am a former employee of Northwell Health Systems ("NHS"). Specifically, I

worked at NHS' Staten Island University Hospital as a Supervising Physician Assistant.

**EXHIBIT
25**

4.      Within the scope of my employment, NHS discriminated against me on the basis of my religion. NHS learned and at all times relevant, knew I sincerely hold religious beliefs that prohibit me from receiving any COVID-19 vaccine that has ever been made available.

5.      This is because each and every COVID-19 vaccine available could not have been made, produced, derived from or created without the use of aborted fetal cell line tissue.

6.      I sincerely hold the religious belief that life begins at conception and to interfere with the creation of life through procedures like abortion constitutes a sin.

7.      My sincerely held religious beliefs extend beyond the mere performance of abortions or receipt of an abortion; I sincerely believe that if I were to knowingly inject, ingest, or receive a product that I knew was created through the use of fetal cell line tissue, such action would impact my ability to ultimately go to Heaven. Because of this, I cannot comply with Northwell's mandatory COVID-19 vaccination policy.

8.      Fortunately, the First Amendment to the United States Constitution as well as both federal and state law guarantee me the fundamental right to freely exercise my religion.

9.      Unfortunately, NHS terminated my employment because I exercised this right, and NHS' discrimination, retaliation, and wrongful termination of my employment because of my religion and sincerely held religious beliefs are the impetus as to why I am seeking redress and elected to proceed with litigation as a Plaintiff in this action.

10.     I submitted to NHS a request for a reasonable accommodation due to my sincerely held religious beliefs and NHS knew of my sincerely held religious beliefs at all times relevant.

11.     By reading my request for a reasonable accommodation, NHS became fully apprised as to the sincerity with which I hold my aforesaid religious beliefs and the religious nature of these beliefs.

2

12.     There was no lawful basis for NHS to deny my request and refuse to accommodate me. In fact, NHS demonstrated its ability to accommodate me insofar as NHS utilized, implemented, and permitted its employees to  remain free from inoculation with a COVID-19 vaccine during the height of the pandemic so long as its employees adhered to alternative and reasonable COVID-19 mitigation protocols such as social distancing, masking, and weekly testing. In doing so, NHS not only demonstrated the capability, feasibility, and efficacy such alternative COVID-19 mitigation protocols provided, but also, through the implementation of such mitigation protocols, NHS affirmatively confirmed it was able to employ persons who were not vaccinated against COVID-19 without experiencing undue hardship. Importantly, NHS permitted its employees to remain unvaccinated at a time that COVID-19 vaccines were readily available and continued to do so for months.

13.     For reasons unknown, NHS took an "about face" and reversed its reasonable stance only to assume an unreasonable one: all employees were required to become vaccinated against COVID-19, even if it violated their fundamental right to freely exercise religion, and no reasonable accommodations would be made available despite such the provision of the same being obligatory under state and federal law.

14.     To protect against this unlawful discrimination, retaliation, and termination arising out of NHS' purposeful, willful, intentional, or reckless decision to violate my fundamental right to free exercise, and to also protect my interest in maintaining employment free from discrimination on the basis of religion, I timely[1] filed a Charge of Discrimination ("Charge") with the EEOC pursuant to 42 U.S.C. §§ 2000e–5(e)(1), (f)(1); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019) (discussing the pre-complaint exhaustion requirement).

---

[1] "Timely" shall mean that my Charge was filed with the EEOC within 300 days of October 1, 2021, which is the date I was terminated (i.e., the last date NHS engaged in discrimination against me).

15.    My Charge alleged NHS discriminated and retaliated against me because of my religion and my sincerely held religious beliefs.

16.    I fully complied with all requests made by the EEOC and less than 90 days ago, the EEOC issued me a Notice of Rights ("right-to-sue letter").

17.    My Charge was timely filed, I cooperated with the EEOC in all regards, the EEOC issued me a right-to-sue letter, and the Complaint for which I provide this Declaration is filed within 90 days of receiving my right-to-sue letter. Accordingly, I have fully exhausted my administrative remedies, my claims are timely, and all pre-requisites necessary to maintaining this action have been satisfied.

I swear and affirm under the penalty of perjury that all testimony provided herein is true, accurate, and correct to the best of my knowledge, information, and belief.

Dated: December 10, 2022

Respectfully submitted,

/s/ MICHELE WOODWARD LAWTON

Michele Woodward Lawton
(Original signature retained by counsel)